**FILED**
**CLERK**
2:45 pm, Sep 25, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JOANNE BENTIVEGNA,

                Plaintiff,        **MEMORANDUM OF DECISION & ORDER**

      -against-                2:14-cv-599 (ADS)(GRB)

PEOPLE'S UNITED BANK, PEOPLE'S
UNITED INSURANCE AGENCY, INC., DAN
CASEY, LOUISE SANDBERG, JOHN
BARNES,

                Defendants.
----------------------------------------------------------X

**APPEARANCES:**
**Leeds Brown Law P.C.**
*Attorneys for the Plaintiff*
1 Old Country Road
Suite 347
Carle Place, NY 11514
        By:    Rick Ostrove, Esq.,
                  Andrew George Costello, Esq., Of Counsel

**Jackson Lewis, P.C.**
*Attorneys for the Defendants*
58 South Service Road
Suite 250
Melville, NY 11747
        By:    Ana Shields, Esq.,
                  Mark S. Mancher, Esq.,
                  Mordy Yankovich, Esq., Of Counsel

**SPATT, District Judge:**

        The Plaintiff Joanne Bentivegna (the "Plaintiff") brought this employment discrimination action against the Defendants People's United Bank ("PUB"), People's United Insurance Agency, Inc. ("PUIA", and with PUB, "People's United")), Dan Casey ("Casey"), Louise Sandberg ("Sandberg"), and John Barnes ("Barnes") (collectively, the "Defendants"), alleging that they

1

discriminated against her based on her gender in violation of, among other statutes, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

In a memorandum of decision and order dated August, 7, 2017 (ECF No. 82), the Court partially granted the Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 56 and dismissed the following claims: the Plaintiff's wage discrimination claims brought pursuant to Title VII, New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"), and the Equal Pay Act, 29 U.S.C. §206(d), *et seq.* (the "EPA"); the Plaintiff's New York Labor Law (the "NYLL") wage claim; her breach of contract claim; and her unjust enrichment claim.

Conversely, the Court found that the following claims should be presented to a jury: the Plaintiff's hostile work environment claims brought pursuant to Title VII and the NYSHRL; the Plaintiff's termination discrimination claims brought pursuant to Title VII and the NYSHRL; and the Plaintiff's retaliation claims brought pursuant to Title VII and the NYSHRL.

Presently before the Court is a motion by the Plaintiff for reconsideration pursuant to Local Civil Rule 6.3 and Rule 54(b), asking the Court to reconsider which of the Defendants' alleged retaliatory acts can be presented to the jury. For the following reasons, the Plaintiff's motion is granted in part and denied in part.

## I.  DISCUSSION

**A.  The Relevant Legal Standard**

Local Civil Rule 6.3 provides that:

> Unless otherwise provided by the Court or by statute or rule (such as FED. R. CIV. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth

> concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

*Id.* "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Wilder v. News Corp.*, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (quoting *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (internal quotation marks omitted)); *see also Shrader*, 70 F.3d at 257 (using an abuse of discretion standard to judge a district court's decision on a motion for reconsideration).

"[A] party may not advance new facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." *Steinberg v. Elkman*, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (internal quotation marks omitted) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)). Nevertheless, reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (internal quotation marks omitted) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order)); *accord Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

**B. Application to the Facts**

The Plaintiff argues that there are two bases for her motion: 1) that the Court erred in applying the incorrect standard for the Plaintiff's retaliation claims, specifically, as to whether certain actions taken against her were "materially adverse;" and 2) the Court overlooked binding precedent that states that employers can be held liable under a theory of retaliation for actions taken against a former employee after that employee's termination.

**1. As to the Retaliation Standard Employed by the Court**

In *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006), the Supreme Court clarified a plaintiff's burden in demonstrating whether an employment action was materially adverse. The Court held that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68, 126 S. Ct. at 2415 (internal citations and quotation marks omitted); ); *see also Kessler v. Westchester Cty. Dep't of Soc. Servs.,* 461 F.3d 199, 207 (2d Cir.2006) (noting that *Burlington Northern* announced a different standard of material adversity than that previously employed in this Circuit in, for example, *Williams v. R.H. Donnelley, Corp.,* 368 F.3d 123, 128 (2d Cir. 2004)). However, the Supreme Court reiterated that "those petty slights or minor annoyances that often take place at work and that all employees experience" are not materially adverse. *Id.* at 68, 126 S. Ct. at 2415.

> This Court classified the Plaintiff's burden on the issue in this way:
>
> not every slight from an employer is actionable under Title VII. To be "materially adverse," a plaintiff's working conditions must undergo a change "more disruptive than a mere inconvenience or an alteration in job responsibilities." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). "While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action." *Pimentel v. City of N.Y.,* No.

> 00 Civ. 326, 2002 WL 977535, at *3 (S.D.N.Y. May 14, 2002) (internal citations and quotation marks omitted).

ECF No. 82 at 40, *Bentivegna v. People's United Bank*, No. 214CV599ADSGRB, 2017 WL 3394601, at *21 (E.D.N.Y. Aug. 7, 2017).

The Court finds that the Plaintiff has advanced a legitimate ground for reconsideration, in that the Court committed clear error by overlooking binding precedent on the issue of whether an employment action is materially adverse for the purposes of a retaliation analysis. Accordingly, the Court will reconsider which of the Defendants' alleged retaliatory acts can form the basis for retaliation claims under Title VII and the NYSHRL.

In its original decision, the Court found that the following employment actions did not constitute materially adverse employment actions: transferring the Plaintiff's leadership of a sales team to a different area, which was a voluntary position that did not affect her pay; not bringing the Plaintiff to an internal networking meeting; not receiving adequate marketing representative support; and searching the Plaintiff's emails.

On reconsideration, the Court sees no reason to depart from its previous findings, except for the search of the Plaintiff's emails. The Court now finds that such a search "might have dissuaded a reasonable worker from making or supporting a charge of discrimination," *Burlington N.*, 548 U.S. at 68, 126 S. Ct. at 2415, and was therefore a materially adverse employment action. In the Court's view, the other acts would not have had such an effect on a reasonable worker.

As to the final element of the *prima facie* case of retaliation, the Court already found that there was sufficient temporal proximity to establish causation.

Finally, the Court finds that the Plaintiff met her burden on the last stage of the *McDonnell Douglas* burden shifting framework. On the issue of the Plaintiff's emails, the Court previously stated:

5

> the impetus for the search of the emails reveals further questions of fact and credibility. Although Tengel testified that it was routine to search emails for employees who were departing, the Plaintiff had not given any notice that she was leaving. Tengel had also referenced a "litigation situation" with the Chief Information Security Officer. However, the only litigation situation at the time was the Plaintiff's discrimination action. While it may also be true that PUIA was considering litigation against the Plaintiff for her alleged theft of corporate knowledge, a reasonable juror could conclude that Tengel was referring to the discrimination "litigation situation." To that end, Michael Collier, the Chief Operating Officer at PUIA, testified that he was tasked with reviewing the Plaintiff's emails, and that he had never been previously asked to perform such a review.

ECF No. 82 at 45, *Bentivegna*, 2017 WL 3394601, at *24. Therefore, the Court finds that the Plaintiff has met her burden in demonstrating that retaliation "was at least one of the motivating factors," *Holcomb v. Iona Coll.*, 521 F.3d 130,138 (2d Cir. 2008) (internal citations and quotation marks omitted), in the Defendants' decision to search her emails.

Accordingly, the Plaintiff's motion for reconsideration is granted to the extent that the Court will allow a jury to consider whether the Defendants should be held liable under a theory of retaliation for their search of the Plaintiff's emails. The Plaintiff's motion for reconsideration is denied to the extent that the Court does not depart from its earlier holding that the following employment actions were not materially adverse: transferring the Plaintiff's leadership of a sales team to a different area; not bringing the Plaintiff to an internal networking meeting; and not receiving adequate marketing representative support.

**2. As to the Alleged Post-Termination Retaliation**

As to the Plaintiff's allegations of post-termination retaliation, the Court held in its original decision that "the actions taken by the Defendants after the Plaintiff was terminated are not adverse employment actions, because the Plaintiff was no longer employed at People's United." Decision at 41, *Bentivegna*, 2017 WL 3394601, at *21. The Plaintiff points to numerous Second Circuit cases which stand for the proposition that retaliation claims *can* be based on post-termination

employment actions. (See Pl.'s Mem. of Law in Supp. of Mot. for Recons. ("Pl.'s Mem. of Law") at 5 (citing *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) ("[P]laintiffs may be able to state a claim for retaliation, even though they are no longer employed by the defendant company . . . ."); *Silver v. Mohasco Corp.*, 602 F.2d 1083, 1090 (2d Cir. 1979) ("Charges of post-employment blacklisting fall within the broad remedial scope of Title VII." (internal citation omitted), *rev'd on other grounds*, 447 U.S. 807 (1980); *Pantchenko v. C.B. Dolge Co., Inc.*, 581 F.2d 1052, 1054-55 (2d Cir. 1978) (finding that where employer refused to write post-employment letters to prospective employers, a plaintiff could maintain a cause of action for retaliation). The Defendants do not dispute that these cases are still binding precedent. Therefore, as the Court overlooked these binding precedents and committed clear error, the Court finds that the Plaintiff has again advanced a proper basis for reconsideration. Accordingly, the Court will consider whether a question of fact remains as to whether the Defendants' lawsuit against the Plaintiff constituted retaliation.

Turning to the *McDonnell Douglas* burden-shifting framework, the Court previously found that the Plaintiff established that she engaged in protected activities, and that the Defendants knew of those protected activities. The Court must now consider, for the first time, whether the Defendants' lawsuit against the Plaintiff "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N.*, 548 U.S. at 68, 126 S. Ct. at 2415. The Court answers this question in the affirmative. Indeed, the mere threat of a lawsuit often provokes individuals to change their actions. As the Plaintiff points out, prospective defendants are faced with the daunting tasks of hiring attorneys and possibly paying settlements or judgments. If a reasonable worker believed that he or she might face a lawsuit if they filed a complaint alleging discrimination, they might be dissuaded from filing such a complaint. *Marchiano v. Berlamino*,

No. 10 CIV. 7819 LBS, 2012 WL 4215767, at *5 (S.D.N.Y. Sept. 20, 2012) ("Suing an employee is an act that might well dissuade a reasonable worker from filing discrimination charges.").

On the final element of the *prima facie* case, the Court also finds that there is evidence of retaliatory animus on the Defendants' part. The Court bases this finding largely on an email from the CEO of People's United Bank, Jack Barnes ("Barnes"). On August 1, 2013, after a search of the Plaintiff's emails revealed that she was, *inter alia*, sending client information to her personal email to restart her business elsewhere, Barnes wrote:

> As long as we do not let too much time go by before we fire her for [] her actions as I know them and *file claims for the cost we have incurred defending her charges. I want to be very, very aggressive in this situation.* She has cost us a lot of management time and expense and we need to be compensated. She and her accompli[c]es have stolen or attempted to steal corporate assets. Let['s] discuss after the next interview but she should be out the door tomorrow based on what I know now. Jack

(Joint SMF ¶ 161). There is a question of fact as to what Barnes meant here. One reasonable interpretation is that Barnes wanted to aggressively pursue litigation against the Plaintiff in retaliation for her complaints of discrimination.

Therefore, even though the Defendants have offered a legitimate, non-retaliatory explanation for the lawsuit—that the Plaintiff attempted to steal purported corporate assets—the Court finds that there is a question of fact as to whether the lawsuit was motivated by retaliatory animus. *See, e.g., Spencer v. Int'l Shoppes, Inc.*, No. 06CV2637 JS MLO, 2010 WL 1270173, at *12 (E.D.N.Y. Mar. 29, 2010) ("Even if the litigation is not frivolous, it still may be considered retaliatory if motivated, even partially, by a retaliatory animus." (citing *Gordon v. New York City Bd. of Educ.,* 232 F.3d 111, 117 (2d Cir. 2000) ("Title VII 'is violated when a retaliatory motive plays a part in adverse employment actions . . . whether or not it was the sole cause.")))). Accordingly, the Plaintiff's motion for reconsideration is granted on her retaliation claim related

to the Defendants' lawsuit, and the Defendants' motion for summary judgment on that claim is denied.

## II. CONCLUSION

For the above stated reasons, the Plaintiff's motion for reconsideration is granted in part and denied in part.  It is granted to the extent that the Court finds that questions of fact exist as to whether the Defendants can be held liable under a theory of retaliation for searching the Plaintiff's emails and commencing litigation against her.  It is denied to the extent that the Court does not depart from its previous findings as to the other alleged materially adverse employment actions.

The parties are directed to file a revised Joint Pretrial Order within ten days of the entry of this decision, and are further directed to appear before the Court on October 18, 2017 at 9:00 a.m. in Courtroom 1020 of the Long Island Courthouse.  Counsel is to appear authorized to discuss settlement at that time.  In the event that the matter is not settled, it will be adjourned for jury selection.

It is **SO ORDERED:**

Dated: Central Islip, New York

September 25, 2017

*/s/ Arthur D. Spatt*

ARTHUR D. SPATT

United States District Judge